IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMMANUEL PIPPINS, TDCJ No. 2472024, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:24-cv-926-X-BN |
| RICHARDSON Q. RASCO, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Emmanuel Pippins, then incarcerated at Dallas County's jail, filed a *pro se* civil rights complaint, alleging facts to plead one claim: against a witness before the grand jury for "bearing false witness to the alleged crime." Dkt. No. 1.

United States District Judge Brantley Starr referred Pippins's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Through a separate order, the Court will grant Pippins's motion for leave to proceed *in forma pauperis* [Dkt. No. 2] under the Prison Litigation Reform Act ("PLRA").

The PLRA requires that, where a plaintiff is imprisoned or detained pending trial and seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is

immune from such relief." 28 U.S.C. § 1915A(b).

As to the one claim alleged in the complaint, the United States Supreme Court, in *Rehberg v. Paulk*, 566 U.S. 356, 369-70 (2012), held "that grand jury witnesses, like witnesses at trial, enjoy absolute immunity for their testimony to the grand jury." *Wilson v. Stroman*, 33 F.4th 202, 212 n.7 (5th Cir. 2022) (citing *Rehberg*, 566 U.S. at 369).

The Court should therefore dismiss the complaint with prejudice under Section 1915A(b).

## Recommendation

The Court should dismiss the complaint with prejudice under 28 U.S.C. § 1915A(b)(1).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 21, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE